**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Andrew Corporation, a Delaware corporation, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  04-C-6214 |
| | ) | |
| v. | ) | |
| | ) | |
| Beverly Manufacturing Company, an Illinois corporation, | ) | Judge Holderman |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ANDREW CORPORATION'S MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISQUALIFY OPINION COUNSEL
AND EXCLUDE ALL OPINIONS ISSUED BY OPINION COUNSEL**

## I.  INTRODUCTION

Beverly has produced, and intends to rely upon, non-infringement and invalidity opinions

obtained from the law firm of  **REDACTED**  These opinions were issued with respect to

Andrew's patent in suit in violation of Rule 1.7(a) of the Illinois Rules of Professional

Responsibility, and in violation of  **REDACTED**  fiduciary duty to Andrew.  **REDACTED**

**REDACTED**  representation of Beverly in this matter is directly adverse to the interests of

Andrew Corporation, a continuing client of  **REDACTED**

**REDACTED**  has a continuing duty to loyally represent those interests and cannot

do so unless they cease representation of Beverly in this matter, including withdrawing all

improvidently granted opinions of counsel relating to Andrew's patents in suit.  **REDACTED**

**REDACTED**  representation of Beverly thus far has resulted in several breaches of that duty, as

has taken positions in its opinions which claim that Andrew's patents are

1

invalid and not infringed by Beverly in order to gain an advantage in this matter on behalf of

Beverly. For the reasons set forth below, **REDACTED** must be disqualified, and the

patent opinions issued by **REDACTED** should be withdrawn by **REDACTED** and

barred from use by Beverly in this litigation. Moreover, Beverly should be estopped from

relying on opinions that could not ethically have been provided.

## II. ARGUMENT

### A. Statement of Facts

On October 20, 2005, the parties held a settlement conference before Magistrate Judge

Nolan. At this conference, Mr. James Petelle, the Vice President, Law and Secretary of Andrew,

first learned that **REDACTED** supplied opinions of counsel to Beverly relating to the

patents in suit, and that Beverly was relying upon these opinions to defend a claim of willfulness.

Upon learning that **REDACTED** had supplied opinions attacking Andrew's patents, Mr.

Petelle immediately informed Gardner Carton & Douglas and Magistrate Judge Nolan that

Andrew is a current client of **REDACTED**

**REDACTED** supplied Beverly with three separate opinions relating to Andrew's

U.S. Patent Nos. 6,354,534 and 5,850,056 (the "'543 patent" and "'056 patent", respectively).

Both of these patents are at issue in the current litigation. Beverly produced these opinions in

response to Andrew's Request for Production No. 63 ("All opinions of counsel that will be relied

upon to defend against a claim of willfulness in this action, and all documents related to such

opinions"). In these opinions **REDACTED** opines on both Beverly's lack of

infringement and the possible invalidity of both the '543 and '056 patents, a position directly

adverse to Andrew.

The first opinion dated **REDACTED**

**REDACTED** ' A copy of this document is attached hereto as

Exhibit A.

REDACTED

Copies of these documents are attached hereto as Exhibit B.

*Id.*

REDACTED

REDACTED

During the time period      REDACTED      drafted and issued these opinions,

represented Andrew in a patent infringement action. *See*      **REDACTED**

**REDACTED**                    (a copy of the docket report is attached hereto as

Exhibit C).  In fact,    **REDACTED**    has continued to represent Andrew in litigation matters

during the pendency of this litigation. *See*      **REDACTED**

**REDACTED**    (a copy of the docket report is attached hereto as Exhibit D).

Furthermore,    **REDACTED**    represented Andrew on patent prosecution matters, including,

in at least two instances, preparing patent applications regarding cable hangers – one of the

technology areas at issue in this action.    REDACTED      continues to represent Andrew on

various other matters to this day.

    **B.**    **REDACTED**    **Concurrent Representation of Andrew and Beverly is Improper Under Model Rule 1.7**

Andrew is a continuing client of    **REDACTED**

Andrew prior to the dates the opinions were issued, on the dates they were issued, on the date on

which Andrew filed its complaint in this matter, September 23, 2004, and to this day.  The

issuance of patent opinions directly adverse to Andrew is a violation of Rule 1.7 of the Illinois

Rules of Professional Responsibility and    REDACTED      fiduciary duty to Andrew.

The ethical codes governing the practice of attorneys set minimum standards of conduct

which no lawyer should fall below. *Ransburg Corp. v. Champion Spark Plug Co.*, 648 F. Supp. 1040, 1045 (N.D. Ill. 1986) (Holderman, J.). Rule 1.7(a) of the Illinois Rules of Professional Conduct[1], as adopted by the Northern District of Illinois, specifically provides that a "lawyer shall not represent a client if the representation of that client will be directly adverse to another client." N.D. Ill. L.R. 83.51.7. Further, the rule provides that a "lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person". N.D. Ill. L.R. 83.51.7. Where any attorney with a firm is precluded from representing a client under this rule, no attorney associated with that firm may represent the client. N.D. Ill. L.R. 83.51.10. If the situation contemplated by the rule arises, it is an attorney's duty to withdraw from the conflicting representation. Comment to N.D. Ill. L.R. 83.51.7.

An attorney may be required to withdraw where even the appearance of a conflict of interest exists. *See Schloetter v. Railoc of Indiana, Inc.*, 546 F.2d 706, 709 (7th Cir. 1976); *Cinema 5 Ltd. v. Cinerama, Inc.*, 528 F.2d 1384, 1387 (2nd Cir. 1976). Importantly, where disqualification is sought based on a breach of the duty of undivided loyalty, it is completely irrelevant whether there is a substantial relationship between the current litigation and the other representation. *Ransburg Corp.*, 648 F. Supp. at 1045 ("Simply stated, it is unethical conduct for

---

[1] **Rule 1.7. Conflict of Interest: General Rule**
**(a) *A lawyer shall not represent a client if the representation of that client will be directly adverse to another client*, unless:**
    (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
    (2) each client consents after disclosure.
**(b)** A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
    (1) the lawyer reasonably believes the representation will not be adversely affected; and
    (2) the client consents after disclosure.
**(c)** When representation of multiple clients in a single matter is undertaken, the disclosure shall include explanation of the implications of the common representation and the advantages and risks involved.
Illinois Rules of Professional Conduct, Rule 1.7 (emphasis added). *See also*, N.D. Ill. L.R. 83.51.7.

an attorney to participate in any lawsuit against his own client without the knowledge and consent of all concerned") *citing Cinema 5 Ltd.*, 528 F.2d at 1386-87. *See also, Mindscape, Inc. v. Media Depot, Inc.*, 973 F. Supp. 1130, 1132 (N.D. Cal. 1997) ("In cases of simultaneous representation, courts must consider the attorney's duty – and the client's legitimate expectation of loyalty. Indeed, a duty of loyalty to the client forbids any act that would interfere with the dedication of an attorney's entire energies to the client's interests.") (internal citations omitted). While the burden to show the facts warranting disqualification is on the moving party, any doubts as to the existence of an asserted conflict must be resolved in favor of disqualification. *See Van Jackson v. Check'n Go of Illinois, Inc.*, 114 F. Supp. 2d 731, 732 (N.D. Ill. 2000).

**C.    The Appropriate Remedy is the Disqualification of** REDACTED **and the Withdrawal and Exclusion of Its Opinions Relating to the '543 and '056 Patents**

The appropriate remedy is the disqualification of    REDACTED    as opinion counsel and the exclusion of    REDACTED    opinions relating to the '543 and '056 patents. If REDACTED    is not disqualified and its opinions are not withdrawn, it is likely Andrew will be forced to both depose, and call as a witness, its own counsel. Such an action would violate the ethical rules and place Andrew (and    REDACTED    in an untenable position. *See* Illinois Rules of Professional Conduct, Rule 3.7, N.D. Ill. L.R. 83.53.7. ("*Lawyer as Witness*, (a) A lawyer shall not act as an advocate in a trial or evidentiary proceeding if the lawyer knows or reasonably should know that the lawyer may be called as a witness therein on behalf of the client"); *see also,* Comment to N.D. Ill. L.R. 83.53.7 ("Whether the combination of roles involves an improper conflict of interest with respect to the client is determined by LR83.51.7 or LR83.51.9. For example, if there is likely to be substantial conflict between the testimony of the client and that of the lawyer or a member of the lawyer's firm, the representation is improper. The problem can arise whether the lawyer is called as a witness on behalf of the client or is

called by the opposing party").

Moreover, based on Beverly's counsel's comments in Court to Magistrate Judge Nolan at the October 27, 2005 status conference, it appears that if the opinions are not excluded, then Beverly will advance the argument that the opinions are highly competent as they were provided by Andrew's own counsel. *See* October 27, 2005 Transcript at 3, attached hereto as Exhibit E (Mr. Hanna: "In fact, your Honor, the advice of counsel was more than competent. It was a competency delivered by Andrew's [own] (sic) counsel."). As such, any attempt by Andrew to attack the competency of the opinions will be diminished in they eyes of a jury, through no fault of Andrew. *See* Comment to N.D. Ill. L.R. 83.53.7 ("The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation."). And, since Andrew intends to attack the competency of the opinions, this would reflect poorly on counsel it uses in other matters, including litigation matters.

## III. CONCLUSION

WHEREFORE, Plaintiff Andrew Corporation, requests this Court enter an order

disqualifying **REDACTED** and prohibiting Beverly's reliance on **REDACTED**

opinions relating to the '543 and '056 patents to defeat a claim of willfulness or for any other

purpose, and for such other and further relief as this Court deems just and proper.

ANDREW CORPORATION

Dated: November 8, 2005

*/s/ Darren S. Cahr*
Barry W. Sufrin
Darren S. Cahr
David A. Frey
Nicole M. Murray
GARDNER CARTON & DOUGLAS LLP
191 N. Wacker Dr. #3700
Chicago, IL 60606
Tel: (312)569-1000
Fax: (312)569-3000

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing **ANDREW CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISQUALIFY OPINION COUNSEL AND ALL OPINIONS ISSUED BY OPINION COUNSEL** was served on this 8 th day of November, 2005, to the following individuals:

Alan R. Dolinko
Robinson Curley & Clayton, P.C.
300 S. Wacker Drive, Suite 1700
Chicago, IL 60606
*Via Electronic Service*
*Via U.S. Mail*

Marshall Seeder
Loletta L. Darden
Jennifer Yule DePriest
Alfred Hanna
Sachnoff & Weaver, Ltd.
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
*Via Electronic Service*
*Via U.S. Mail*

Carol E. Arellano

CH02/ 22416106.2

9