UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORPORATION, a Delaware corporation, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | No. 04 C 6214 |
| ) BEVERLY MANUFACTURING COMPANY, ) an Illinois corporation, ) ) | Judge Nan R. Nolan |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Andrew Corporation ("Andrew") has filed suit alleging that Defendant Beverly Manufacturing Company ("Beverly") infringed three of Andrew's patents: United States Patents Nos. 5,850,056 (the "'056 patent"); 6,354,543 (the "'543 patent"); and 6,899,305 (the "'305 patent"). All three patents relate to cable hangers and other technology used in telecommunication towers. Currently before the court is Andrew's fourth motion to compel, which seeks information relating to Beverly's U.S. Patent No. 6,828,504 (the "'504 patent) and a pending U.S. Patent Application No. 10-640,181 (the "'181 Application"). For the reasons set forth here, the motion is denied.

## BACKGROUND

Andrew owns three patents relating to cable hangers and other technology used in telecommunication towers. The '056 patent issued on December 15, 1988 and is entitled "Grounding Kit for a Transmission Line Cable Including a Clip, a Bail and a Housing." The '543 patent issued on March 12, 2002 and is entitled "Stackable Transmission Line Hanger." The '305 patent issued on May 31, 2005 and is entitled "Stackable Transmission Line Hanger." Andrew claims that Beverly has infringed all three patents by producing, using, marketing, and selling (1) clip-on ground kits that fall within the claims of the '543 patent, including Beverly Part No. GK-CO;

and (2) multi-run snap-in hangers that fall within the claims of the `543 and the `305 patents, including Beverly Part No. 62875. (First Amended Cmplt. ¶¶ 7-17.)

Beverly, in turn, owns the `504 patent entitled "Grounding Device" issued on December 7, 2004, and the pending `181 Application for letters patent for "One-Piece Resilient Stackable Hanger." On December 16, 2005, this court granted Andrew's motion to compel the production of the `181 Application and the associated prosecution history. (Order of 12/16/05, Doc. 123.) Andrew now seeks to compel supplemental responses to its Interrogatory Nos. 16, 17, and 18, which request the following for both the `504 patent and the `181 Application:

1. The dates of conception, reduction to practice, and first disclosure to persons other than the inventors, including the person(s) most knowledgeable of such events;

2. The dates of first sale, offer for sale, printed or electronic publication, and first use, including the person(s) most knowledgeable of such events;

3. All prior art about which Beverly "is or was aware at any time," including the person(s) who became so aware.

Andrew insists that this information is relevant to Beverly's knowledge of Andrew's products, Beverly's willfulness in copying them, and Andrew's damages. Beverly objects that its patents are not at issue in this lawsuit, and that the requested information is contained within the terms of the `504 patent and `181 Application in any event.

## DISCUSSION

The Federal Rules of Civil Procedure permit "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004) (quoting FED. R. CIV. P. 26(b)(1)). There is a strong policy for a "broad type of discovery and duty of full disclosure" in patent cases, but discovery is not unfettered.

*Ropak Corp. v. Plastican, Inc.*, No. 04 C 5422, 2006 WL 1005406, at *1 (N.D. Ill. Apr. 17, 2006). The court has broad discretion in deciding discovery matters, including whether to grant a motion to compel. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

### A.     Interrogatory No. 16

Interrogatory No. 16 requests the dates of conception and reduction to practice of the '504 patent and the '181 Application, as well as the dates such inventions were first disclosed to persons other than the inventors. Andrew argues that this information is relevant because it "relates to Beverly's knowledge of Andrew's patents and products and whether Beverly willfully copied Andrew's patented inventions." (Reply, at 4.) Beverly first argues that the '506 patent and '181 Application themselves identify the requested information regarding conception and reduction to practice, noting that "[t]he date of filing of the patent application is considered to be constructive reduction to practice of the invention." (Resp., at 6 (citing *James B. Clow & Sons, Inc. v. United States Pipe & Foundry Co.*, 313 F.2d 46, 48-49 (5th Cir. 1963).) *See also Hyatt v. Boone*, 146 F.3d 1348, 1352 (Fed. Cir. 1998) ("The filing of a patent application serves as conception and constructive reduction to practice of the subject matter described in the application.")

The court agrees with this general proposition but finds it inapplicable here. The concepts of conception and constructive reduction to practice are relevant to determine the priority of invention in a patent interference. In such cases, "[t]here is no need for proof or corroboration of the subject matter that is included in the application *unless a date earlier than the filing date is sought to be established.*" *Hyatt*, 146 F.3d at 1352 (emphasis added). Thus, the mere filing of a patent application does not negate the possibility that an invention was conceived or reduced to practice on an earlier date.

Nevertheless, the court agrees that the dates of conception and reduction to practice are only relevant to the prior art that would be used to invalidate the patents-in-suit – in this case,

3

Andrew's patents. (Resp., at 5 (citing *Kahl v. Scoville*, 609 F.2d 991, 996 (C.C.P.A. 1979) (stating that proof of conception was not required where "appellants have elected to establish their prima facie case by proof of actual reduction to practice of the invention prior to appellees' effective filing date.")) To the extent Beverly does not assert that the `504 patent or the `181 Application pre-date or invalidate Andrew's patents, Andrew has failed to show how the dates of conception and reduction to practice are relevant to its allegations of willfulness. (Resp., at 5-6.) *Compare Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, No. 04 C 5312, 2005 WL 1300778, at *2 (N.D. Ill. Apr. 28, 2005) (finding dates of conception and reduction to practice of the plaintiff's patents relevant to the defendant's prior art and public use defenses). The motion to compel relating to Interrogatory No. 16 is denied.

### B.     Interrogatory No. 17

Interrogatory No. 17 requests information regarding when Beverly's inventions were first published, sold, offered for sale, and used. Andrew claims that this information "bears directly on Andrew's damages by seeking information about Beverly's sales of infringing products and its position in the marketplace." (Reply, at 4.) Beverly insists that it has already provided this information in supplemental answers to Interrogatory Nos. 2 and 3. (Ex. A to Resp.) Specifically, Beverly has confirmed that no accused products were sold prior to the first quarter of 2004, and has identified (1) the total number of units of each product sold, (2) the total dollars generated by the sale of each product, (3) the direct costs of manufacturing each product, and (4) the "auxiliary costs" such as advertising and consulting fees. (*Id.*) In its reply memorandum, Andrew does not address this supplemental response or explain why the information is insufficient. The motion to compel further response to Interrogatory No. 17 is therefore denied.

C.  Interrogatory No. 18

Interrogatory No. 18 seeks information regarding the relevant prior art for the '504 patent and the '181 Application. Andrew argues that this information "relates to the key issue of what Beverly believed to be new and novel about the accused products, and how they differed from the cited prior art – including the patents in suit." (Motion, at 4.) Beverly first objects that the question of novelty "can only be addressed in the context of the affirmative defense of invalidity," which can only relate to Andrew's patents-in-suit because Beverly's patents are not asserted in this case. (Resp., at 4 (citing *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 66 F.3d 299, 302 (Fed. Cir. 1995) ("Invalidity based on lack of novelty (often called 'anticipation') requires that the same invention . . . was known or used by others before it was invented by the patentee.").) Beverly further claims that the requested information regarding novelty is contained within the '504 patent and the '181 Application themselves, which "embody what Beverly holds out as novel features of its inventions." (*Id.*) Once again, Andrew has failed to explain why the patent information already produced is insufficient to identify the novel features in Beverly's products. The court thus declines to compel further production on that basis.

Andrew next argues, without explanation, that Beverly's knowledge of prior art related to the patent and patent application "goes directly to the issue of willful infringement." (Reply, at 4.) Beverly responds that the prosecution histories for the '504 patent and the '181 Application, already produced, "include all of Beverly's prior art knowledge with respect to its own patent and pending application." (Resp., at 7.) *See* 37 C.F.R. § 1.56 (imposing a duty to disclose "all information known . . . to be material to patentability," including prior art). Beverly further reiterates that prior art is only relevant to Andrew's patents-in-suit. Andrew does not respond to either argument and has failed to demonstrate that the patent and patent application are inadequate evidence of Beverly's prior art knowledge. *See, e.g., Andrew Corp. v. Beverly Mfg. Co.*, 415 F.

5

Supp. 2d 919, 922 (N.D. Ill. 2006) (noting that the `181 Application "mentions both Andrew's `132 and `543 patents and identifies Andrew's `543 patent as the closest prior art to Beverly's invention."); U.S. Patent No. 6,828,504, 2004 WL 2800160 (distinguishing the `056 patent). Andrew's motion to compel regarding Interrogatory No. 18 is denied.

### D. Inventorship

The court briefly addresses one additional issue regarding "inventorship." The interrogatories do not in fact request the identities of the inventors of the `504 patent and the `181 Application. Indeed, as Beverly notes, such information is contained within the patent and the patent applications themselves. See 37 C.F.R. § 1.63 (stating that the oath or declaration for a nonprovisional application must identify each inventor by "full name" and "country of citizenship."); *Board of Ed. ex rel. Bd. of Trustees of Florida State Univ. v. American Bioscience, Inc.*, 333 F.3d 1330, 1337 (Fed. Cir. 1993) ("[T]he issuance of a patent creates a presumption that the named inventors are the true and only inventors . . . .") To the extent Andrew does seek "inventorship" information (Motion, at 5), the request is denied.

### CONCLUSION

For the reasons set forth above, Andrew's fourth motion to compel [Doc. 149] is denied.

ENTER:

Dated: April 27, 2006

*Nan R. Nolan*

NAN R. NOLAN
United States Magistrate Judge

6